*77 OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 27, 2004. By order dated April 22, 2016, the Michigan Attorney Discipline Board (Discipline Board) suspended respondent from the practice of law for a period of 180 days, effective May 14, 2016, after finding him in default in responding to a formal charge of professional misconduct. Upon his default, the Discipline Board deemed admitted allegations that respondent had, inter alia, failed to act with reasonable diligence and promptness in representing two clients, failed to communicate adequately with those clients, and failed to refund unearned legal fees or to surrender other property to which the clients were entitled. The Discipline Board also directed respondent to make restitution to both clients in the total amount of $11,500.
Upon receipt of a certified copy of the order of the Discipline Board, this Court, by order entered July 13, 2016, directed respondent to show cause why reciprocal discipline should not be imposed pursuant to 22 NYCRR former 1022.22. Respondent filed papers in response to the show cause order and, on October 25, 2016, he appeared before this Court on the return date thereof.
Although 22 NYCRR part 1022 was repealed, effective October 1, 2016, we note that former rule 1022.22 and the current rule governing reciprocal discipline proceedings in this Court, 22 NYCRR 1240.13, provide that this Court may discipline an attorney for misconduct underlying discipline imposed in another jurisdiction unless we find “that the procedure in the foreign jurisdiction deprived the respondent of due process of law, that there was insufficient proof that the respondent committed the misconduct, or that the imposition of discipline would be unjust” (22 NYCRR 1240.13 [c]; see 22 NYCRR former 1022.22). Although respondent in response to the instant show cause order contends that the procedure in the Michigan matter deprived him of due process of law and that there was insufficient proof that he committed the misconduct, we conclude that respondent is precluded from raising those contentions under the circumstances herein. The record of the Michigan proceeding establishes that, during a sanction hearing before the Discipline Board held after he was *78 found in default, respondent sought to resolve the Michigan matter by consenting to the sanction that was ultimately imposed by the Discipline Board, namely, suspension for a period of 180 days and restitution in the amount of $11,500. Respondent has acknowledged in this proceeding that he did not thereafter seek review or reconsideration of the order of the Discipline Board and that he recently paid the restitution specified in that order. Accordingly, we conclude that respondent should be suspended for a period of 180 days nunc pro tunc from May 14, 2016, and until further order of this Court. In the event respondent applies to this Court for reinstatement to the practice of law, he must establish that he has been reinstated to practice in Michigan.
Centra, J.P., Peradotto, Lindley, Curran and Scudder, JJ., concur.
Order entered suspending Brian R. Wutz from the practice of law for a period of 180 days, pursuant to 22 NYCRR 1240.13.